BLD-060                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1813
_____

JOHN TEDESCO,
                        Appellant

v.

SUPERINTENDENT GRATERFORD SCI;
SUPERINTENDENT CAMP HILL SCI; and
MS. ZOBITNE, SCI Camp Hill

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3:17-cv-00997)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 5, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: January 7, 2020)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pennsylvania inmate John Tedesco was transferred from SCI-Graterford to SCI-Camp Hill, but his case files and other legal materials were not waiting for him on arrival. Without those materials, Tedesco's ability to litigate his criminal case allegedly was stymied. After availing himself of the administrative inmate grievance system and finding no success, Tedesco sued three prison officials—SCI-Graterford Warden Cynthia Link, SCI-Camp Hill Superintendent Laurel Harry, and Unit Manager Renee Zobitne ("Defendants")—for civil rights violations under 42 U.S.C. § 1983.

The District Court denied Tedesco's motion for preliminary injunctive relief and granted Defendants' motion for summary judgment, concluding that none of them was personally involved in any alleged deprivation of constitutional rights. The District Court also concluded that Tedesco: (1) has no viable access to courts claim because he failed to adduce evidence of a cognizable injury; (2) is barred from maintaining a cause of action for unlawful imprisonment at this time; (3) has no viable due process claim for deprivation of property because adequate post-deprivation remedies were available; (4) has no viable Eighth Amendment claim because the loss of legal materials, while "frustrating and unfortunate," is not cruel and unusual punishment; (5) has no viable Fourth Amendment claim because "prisoners do not have legitimate expectations of privacy in their cells"; and (6) has no viable First Amendment retaliation claim because his proclamations of innocence were not linked to any "adverse action."

2

Tedesco appealed. He also filed a motion for reconsideration of the summary judgment ruling, and a "motion for equitable tolling" of AEDPA's statute of limitations. The District Court denied both motions. Tedesco then filed an amended notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of an order granting summary judgment is de novo. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Relevant evidence of record is viewed in the light most favorable to Tedesco as the non-movant. Miller v. Am. Airlines, Inc., 632 F.3d 837, 844 (3d Cir. 2011). Our review of an order denying reconsideration is for abuse of discretion. Barbato v. Greystone Alliance, LLC, 916 F.3d 260, 264 (3d Cir. 2019).

For substantially the reasons given in the District Court's summary judgment opinion, we will affirm. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). In particular, we agree with the District Court that Tedesco adduced no evidence that Defendants were personally involved, as a matter of law, in any alleged constitutional violations. See ECF 65-2 at 2-3 (Link declaration); ECF 65-3 at 2-3 (Harry declaration); ECF 65-4 at 2-3 (Zobitne declaration); cf. Thomas v. Tice, No. 18-1811, ___ F.3d ___, 2019 WL 5884162, at *2 (3d Cir. Nov. 12, 2019) (discussing personal-involvement liability standard).[1] Tedesco's motion for appointment of counsel is dismissed as moot.

---

[1] Tedesco's scattershot arguments on appeal—for example, that the inmate grievance process is illegitimate, that the loss of legal materials not only formed the factual basis of Tedesco's claims below but also impeded his ability to actually litigate those same claims, and that he was retaliated against by the Pennsylvania State Police (among others)—are either baseless or irrelevant to the orders on appeal.

3